AMENDED SUMMARY ORDER

Petitioner Gin Sung Huang, a native and citizen of the People’s Republic of China, seeks review of a July 30, 2008 order of the BIA, which: (1) affirmed the June 13, 2006 decision of Immigration Judge (“IJ”) George T. Chew denying his motion to reopen; and (2) denied his motion to remand after finding that Huang had not established prima facie eligibility for relief on the basis of newly presented evidence. In re Gin Sung Huang, No. A072 837 722 (B.I.A. July 30, 2008), aff'g No. A072 837 *622 722 (Immig. Ct. N.Y. City June 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
The Government requests that we remand this case to the BIA to allow the Board to reconsider and/or augment the bases of its denial of Huang’s remand motion, and to clarify the standard it applied in finding that the Hujian Village Committee Notice (“Notice”) Huang submitted did not indicate he would be subject to forcible sterilization. We agree that remand is desirable.
The Notice, which the BIA assumed without deciding was authentic, directed Huang to return to China to “have sterilization and receive other punishment.” The BIA found this Notice “too vague and generalized” to demonstrate a reasonable possibility that Huang would face persecution in China, as the Agency concluded that the penalties communicated in the Notice for violating China’s population control policy “constituted the equivalent of ordinary measures, such as fines and other economics incentives and sanctions.” If the BIA adheres to this view on remand, we ask that it further explain its finding that the Notice, if credited, did not establish a reasonable possibility that Huang would face the kind of forcible sterilization that is recognized by statute to be a form of political persecution. See 8 U.S.C § 1101(a)(42). The BIA may also consider on remand the reliability of the Notice in light of the IJ’s underlying adverse credibility determination.
The Government’s motion to remand to the BIA is GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).